**MINNESOTA MUTUAL LIFE INSURANCE COMPANY, Respondent,**

v.

**Kay R. FUHRMAN, Appellant.**

**No. 58240.**

Supreme Court of Missouri,
En Banc.

March 10, 1975.

Rehearing Denied April 14, 1975.

Norman E. Greene, Kansas City, for respondent; Warrick, Levine & Greene, Kansas City, of counsel.

James L. Muller, The Legal Aid and Defender Society of Greater Kansas City, Inc., Kansas City, for appellant.

Crews & Milliard, Charles F. Crews, Alan E. South, Kansas City, for amicus curiae.

FINCH, Judge.

This is an appeal from a judgment wherein respondent was awarded possession in its suit for unlawful detainer and the court denied relief on appellant's counterclaim for a declaratory judgment that Missouri statutes with reference to extra-

judicial foreclosure are unconstitutional under the due process clauses of the federal and state constitutions.

The evidence disclosed that appellant's predecessors in title purchased a house and lot in 1958, executing a deed of trust with power of sale for $13,950 on a standard FHA form. Later in 1958, appellant and her husband purchased the property, receiving a warranty deed subject to the deed of trust which they agreed to assume. Thereafter, appellant and her husband were divorced and appellant received a conveyance from her husband of his interest in the property.

In 1971 appellant fell behind in her payments on the deed of trust and the respondent asked the trustee to institute extrajudicial foreclosure. Notice of sale was published in 21 consecutive copies of the Daily Record as required by the terms of the deed of trust. There was testimony on behalf of respondent that the trustee mailed to appellant a letter dated November 22, 1971, which contained a copy of the first published notice and calling attention to the fact that the foreclosure sale would be held on December 16, 1971. Appellant testified that she was never served with any notice of the sale.

The property was purchased at the foreclosure sale by respondent for $8,941.90. The balance due on the note at the time of foreclosure was $8,713.23.

On appeal appellant raises the same questions as those asserted by appellant in Federal National Mortgage Association v. Howlett, 521 S.W.2d 428 (Mo. banc 1975), decided concurrently herewith. For the reasons detailed in that opinion, we overrule appellant's contentions with one exception. In this case the circuit court not only entered judgment in favor of respondent for restitution of the premises but also for unlawful detainer damages as double the reasonable rental amount of $165.00 per month. Appellant attacks the constitutionality of § 534.300

RSMo 1969, V.A.M.S., which authorizes assessment of double rent. On appeal, respondent states that its amended reply in the trial court abandoned its request for judicial assessment of rental damages, including statutory doubling thereon, and consents to modification of the judgment in that respect. In view of this concession, the point raised by appellant with respect to the constitutionality of § 534.330 is moot.

Accordingly, we reverse and remand to the circuit court for entry of a new judgment in favor of respondent which corresponds to the judgment previously entered except that the portion thereof providing for judgment for damages for rental value, including doubling thereof, is to be deleted.

All concur.